



Electronically Filed
12/14/2017 3:10 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
LAW OFFICES OF KEVIN R HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| BARBARA SGRILLO, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, a Foreign Corporation, DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendant. | Case No.: A-17-766315-C<br>Dept No.: Department 25<br><br>**COMPLAINT** |

Plaintiff, BARBARA SGRILLO, by and through her counsel of record, KEVIN R. HANSEN, ESQ., and AMY M. WILSON, ESQ., of the law firm LAW OFFICES OF KEVIN R. HANSEN, complains and avers of the Defendant, GEICO CASUALTY COMPANY as follows:

**PARTIES**

1. Plaintiff BARBARA SGRILLO (hereinafter "Plaintiff") is, and at all times relevant herein was a resident of Clark County, Nevada.

2. Upon information and belief, Defendant GEICO CASUALTY COMPANY (hereinafter "Defendant") is, and at all times relevant herein was a Foreign Corporation conducting business in Clark County, Nevada.

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

3. Defendants DOES I through X, and ROE BUSINESS ENTITIES I through X, are set forth herein pursuant to Rule 10 of the Nevada Rules of Civil Procedure. They constitute all persons or business entities currently unknown to Plaintiff who are believed to be responsible for the events and happenings referred to in this Complaint or otherwise have a claim to an interest in the subject matter of this Complaint. When the names of the DOES and ROE BUSINESS ENTITIES have been ascertained, Plaintiff will request leave from the court to amend this Complaint and join them in this action. All the defendants to this action, including the DOES and ROE BUSINESS ENTITIES, are referred to herein as "Defendants" or "Defendants and each of them."

## VENUE AND JURISDICTION

4. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

5. The exercise of jurisdiction by this Court over each Defendant in this civil action is proper pursuant to NRS 14.065.

6. The incident for which Plaintiff complains and for which Defendants are liable arises out of; inter alia, contracts executed in Clark County, Nevada.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates and re-alleges paragraphs 1 through 6 of this Complaint as though these paragraphs were fully set forth herein.

8. At all times relevant herein, Plaintiff BARBARA SGRILLO had an automobile insurance policy with GEICO CASUALTY COMPANY which included a $250,000.00/$500,000.00 uninsured/underinsured policy (hereinafter "UM/UIM Policy" or "Policy").

9. That on February 5, 2016, in Clark County, Nevada, Plaintiff BARBARA

SGRILLO was struck by a third-party driver and sustained serious injuries while in the drivers' seat of her vehicle at a stop light.

10. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff sustained bodily injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $15,000.00.

11. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

12. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff has been required to , and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

13. That the negligent third-party driver paid its automobile insurance policy limits to Plaintiff.

14. That Plaintiff BARBARA SGRILLO purchased an automobile insurance policy ("The Policy") from Defendant GEICO CASUALTY COMPANY, which provided uninsured/underinsured motorist insurance to Plaintiff.

15. That following the accident with the third-party driver, and after determining that the third-party driver had insufficient policy limits to cover Plaintiff's injuries and damages, Plaintiff demanded uninsured/underinsured policy limit payment from Defendant GEICO CASUALTY COMPANY.

16. That Defendant GEICO CASUALTY COMPANY refused to make adequate

payment to Plaintiff as was required under the Policy.

17. That Defendant's refusal to pay Policy limits was made without a reasonable basis in fact or law.

18. That Defendant's refusal to pay Policy limits was made in bad faith and for the purpose of denying the benefits of contract for underinsured motorist coverage to Plaintiff.

19. That Defendant's refusal to pay Policy limits was an unlawful attempt to force Plaintiff to accept money less than the amount due under the Policy.

20. That Defendant's refusal to pay Plaintiff's benefits due under the applicable contract of insurance was malicious, willful, and intentional, and in fact, did cause injury to Plaintiff in excess of $15,000.00.

21. That Defendant's actions justify an award of punitive damages.

22. That Plaintiff has been required to engage the services of an attorney, and accordingly, have incurred attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
*(Breach of Contract)*

23. Plaintiff incorporates and re-alleges paragraphs 1-22 as though these paragraphs were fully set forth herein.

24. That Plaintiff has duly performed all the conditions, provisions, and terms of agreement or policy of insurance relating to the loss sustained by the Plaintiff, and has furnished and delivered to Defendant, full and complete particulars of said loss and has fully complied with all the provisions of said policy or agreement relating to the giving of notice as to said loss, and has duly given all other notices required to be given by the Plaintiff under the terms of such policy or agreement.

25. That Plaintiff and Defendant were bound by a contractual relationship pursuant to

LAW OFFICES OF KEVIN R. HANSEN
5440 West Sahara Avenue, Suite 206
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

the Policy. That the actions of Defendant, as described herein, constituted a breach of contract between itself and Plaintiff, and as a direct result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

26. That Defendant's refusal to pay Plaintiff's benefits due under the Policy was malicious, willful, and intentional, and in fact, did cause injury to Plaintiff in excess of $15,000.00. These actions justify an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Bad Faith and Unfair Claims Practices)

27. Plaintiff incorporates and realleges paragraphs 1 through 26 of the Complaint as though these paragraphs were fully set forth herein.

28. That Plaintiff and Defendant were bound by a contractual relationship pursuant to the Policy held by Plaintiff. That the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, obligated Defendant to act in good faith toward and to deal fairly with Plaintiff.

29. GEICO CASUALTY COMPANY, Defendants, and each of them, were slow in acting upon Plaintiff's claim; failed to perform a prompt, thorough, objective, and good faith investigation of Plaintiff's claim; have refused to offer the appropriate settlement to which Plaintiff, who is GEICO CASUALTY COMPANY's customer, is entitled; have delayed investigating and processing Plaintiff's claim; have treated Plaintiff with contempt and have compelled Plaintiff to initiate this litigation to recover the amounts due under the Policy, and have refused to pay Plaintiff the amounts to which she is clearly, legally entitled.

30. Defendant further breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of the Unfair Claims Practices Act (NRS 686A.310) set out below; violations which were done with Defendant's actual and/or implied knowledge.

31. The actions of Defendant as described herein, constitutes a breach of the covenant of good faith and fair dealing with Plaintiff, and as a direct and proximate result of thereof, Plaintiff has been damaged in a sum in excess of $15,000.00. The Defendants do not have a reasonable basis for the claims decision Defendants have made in this matter.

### THIRD CAUSE OF ACTION
*(Breach of the Covenant of Good Faith and Fair Dealing)*

32. Plaintiff incorporates and re-alleges paragraphs 1-31 as though these paragraphs were fully set forth herein.

33. In every contract there is an implied covenant of good faith and fair dealing which requires the parties thereto to act in a manner that is fair to the parties and faithful to the terms the agreement the parties executed. Pursuant to the contractual arrangement between the parties, Defendant was obligated to pay Plaintiff for damages received as a result of any accident with an underinsured motorist.

34. Plaintiff entered into the policy agreement with Defendants induced by Defendants' representations that they would compensate Plaintiff in exactly the circumstances presented herein.

35. Plaintiff detrimentally relied upon Defendants' inducements, omissions and misrepresentations in executing said Policy.

36. The actions of Defendant as described herein, constituted unjust enrichment at Plaintiff's expense, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.00.

37. Defendant failed to acknowledge and act reasonably prompt upon communications with respect to claims arising under insurance policies, as prohibited by NRS 686A.310(1)(b).

38. Defendant failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy, as prohibited by NRS 686.310(1)(c).

39. Defendant failed to effectuate prompt, fair, and equitable settlement of claim in which liability of the insurer had become reasonably clear as prohibited by NRS 686.310(1)(e).

40. Defendant compelled Plaintiff to institute litigation to recover amounts due under the Policy as prohibited by NRS 686A.310(f).

41. Defendant attempted to settle the claim with Plaintiff for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application as prohibited by NRS 686.310(1)g).

42. Defendant failed to provide a prompt reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the offer to settle the claim as prohibited by NRS 686.310(1)(n).

43. Defendant has not made a reasonable attempt to settle Plaintiff's claim, therefore violating the laws of the State of Nevada, and in performing the foregoing acts and omissions, Defendant acted in bad faith, with malice, and oppression so as to justify an award of punitive and exemplary damages.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action and insert those items of damage not yet fully ascertainable, prays judgment against the Defendants and each of them as follows:

1. For general damages sustained by Plaintiff in excess of $15,000.00;

2. For special damages sustained by Plaintiff in excess of $15,000.00;

3. For wage loss in an amount to be determined;

4. For reasonable attorney's fees and costs;

5. For interest at the statutory rate;

6. For punitive damages against Defendant; and

7. For other relief that the Court deems just and proper.

DATED this ___ day of December, 2017.

LAW OFFICES OF KEVIN R. HANSEN

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 West Sahara Avenue, Suite 206
Las Vegas, NV 89146
*Attorneys for Plaintiff Barbara Sgrillo*

**B**

**B**

Electronically Filed
12/14/2017 3:10 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, NV 89146
Tel (702) 478-7777
Fax (702) 728-2484
kevin@kevinrhansen.com
amy@kevinrhansen.com
*Attorneys for Plaintiff*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| BARBARA SGRILLO, an Individual;<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, a Foreign Corporation, DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendant. | Case No.: A-17-766315-C<br>Dept No.: Department 25<br><br>**INITIAL APPEARANCE FEE DISCLOSURE**<br>**NRS CHAPTER 19** |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

BARBARA SGRILLO          $270.00

TOTAL REMITTED:          $270.00

DATED this 14th day of December, 2017.

LAW OFFICES OF KEVIN R. HANSEN

/s/ Kevin R. Hansen

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMY M. WILSON, ESQ.
Nevada Bar No. 13421
5440 W. Sahara Ave., Suite 206
Las Vegas, NV 89146

Electronically Issued
12/14/2017 3:10 PM

Electronically Filed
2/5/2018 1:50 PM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
**KEVIN R. HANSEN, ESQ.**
Nevada Bar No. 6336
**AMY M. WILSON, ESQ.**
Nevada Bar No. 13421
**LAW OFFICES OF KEVIN R. HANSEN**
5440 West Sahara Avenue, Suite 206
Las Vegas, Nevada 89146
kevin@kevinrhansen.com
amy@kevinrhansen.com
Tel: (702) 478-7777
Fax: (702) 728-2484
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BARBARA SGRILLO, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GEICO CASUALTY COMPANY, a Foreign Corporation, DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendant. | Case No.: A-17-766315-C<br>Dept No.: Department 25<br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

### GEICO CASUALTY COMPANY

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service you must do the following:

 a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

 b. Serve a copy of your response upon the attorney whose name and address is shown below.

1

2. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

| | |
|---|---|
| **LAW OFFICES OF KEVIN R. HANSEN** | **STEVEN D. GRIERSON**<br>**CLERK OF THE COURT** |
| _[signature]_<br>KEVIN R. HANSEN, ESQ.<br>Nevada Bar No. 6336<br>AMY M. WILSON, ESQ.<br>Nevada Bar No. 13421<br>5440 West Sahara Avenue, Suite 206<br>Las Vegas, Nevada 89146<br>*Attorneys for Plaintiff* | BY: _[signature]_ 12/14/2017<br>DEPUTY CLERK      DATE<br>County Courthouse Mary Anderson<br>200 Lewis Ave, 3rd Floor, Suite 3125<br>Las Vegas, Nevada 89155 |

IN THE EIGHTH JUDICIAL DISTRICT COURT
IN AND FOR THE COUNTY OF CLARK,

BARBARA SGRILLO, AN INDIVIDUAL,
    Plaintiff(s),

VS.

CASE NO: A-17-766315-C

GEICO CASUALTY COMPANY, A FOREIGN CORPORATION,
    Defendant(s),

## Declaration of Service

STATE OF NEVADA
COUNTY OF WASHOE    ss.:

DANIEL ACTON-STEVENS, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the SUMMONS; COMPLAINT; CIVIL COVER SHEET; INITIAL APPEARANCE FEE DISCLOSURE NRS CHAPTER 19 On 1/26/2018 and served the same on 1/26/2018 at 1:57 PM by delivery and leaving a copy with:

Macie Tuell - Administrative Assistant, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of THE CORPORATION TRUST COMPANY OF NEVADA, registered agent for GEICO CASUALTY COMPANY, at the registered address of:

701 S Carson St Ste 200, Carson City, NV 89701-5239

A description of Macie Tuell is as follows

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | White | Black | 18 - 25 | 5'0 - 5'6 | 100-120 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on: 1/29/2018
by DANIEL ACTON-STEVENS

No notary is required per NRS 53.045

DANIEL ACTON-STEVENS
Registration: R-093893
Reno Carson Messenger Service, Inc #322
185 Martin St.
Reno, NV 89509
(775) 322-2424
www.renocarson.com

Order#: R26006/NVPRF411

14