UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BARBARA SGRILLO,

Plaintiff(s),

v.

GEICO CASUALTY COMPANY,

Defendant(s).

Case No. 2:18-CV-285 JCM (CWH)

ORDER

Presently before the court is defendant Geico Casualty Insurance Company's motion to dismiss. (ECF No. 7). Plaintiff Barbara Sgrillo filed a response (ECF No. 10), to which defendant replied (ECF No. 14).

Also before the court is defendant's motion to stay. (ECF No. 8). Plaintiff filed a response (ECF No. 10), to which defendant replied (ECF No. 14).

**I.     Facts**

On February 5, 2016, while parked at a stop light, plaintiff's car was hit by a third-party driver. (ECF No. 1-1). Plaintiff alleges that she sustained serious injuries from the accident that require continuing medical treatment. *Id.*

At the time of the accident, plaintiff was insured through defendant. Plaintiff's policy provides for $250,000/$500,000 uninsured/underinsured motorist insurance. *Id.* "[F]ollowing the accident with the third-party driver, and after determining that the third party driver had insufficient policy limits to cover Plaintiff's injuries and damages, Plaintiff demanded uninsured/underinsured policy limit payment from Defendant . . . ." *Id.* Plaintiff alleges that defendant "refused to make *adequate* payment to Plaintiff as was required under the Policy." *Id.* (emphasis added). Plaintiff alleges that "Defendant's refusal to pay *Policy limits* was made in bad

**James C. Mahan**
**U.S. District Judge**

faith and for the purpose of denying the benefits of contract for underinsured motorist coverage to plaintiff." *Id.* (emphasis added).

On December 14, 2017, plaintiff filed suit in state court.[1] (ECF No. 1). Plaintiff's complaint alleges three causes of action: (1) breach of contract; (2) bad faith and unfair claims practices; and (3) breach of the covenant of good faith and fair dealing. (ECF No. 1-1).

On February 15, 2018, defendant removed the instant action to this court. (ECF No. 1). Thereafter, defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, (ECF No. 7), and a motion to stay plaintiff's claims for bad faith and unfair claims practices, (ECF No. 8).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

---

[1] Plaintiff served the summons and complaint upon defendant's registered agent on January 26, 2018.

**James C. Mahan
U.S. District Judge**

- 2 -

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendant moves to dismiss plaintiff's second and third causes of action for failure to state a claim upon which relief can be granted. (ECF No. 7). Plaintiff asserts that her complaint adequately pleads causes of action for bad faith/breach of the covenant of good faith and fair dealing and unfair claims practices. (ECF No. 10).

A violation of the covenant of good faith and fair dealing in the insurance context gives rise to a bad-faith tort claim. *McKinnon v. Hartford Ins. Co. of the Midwest*, No. 2:12-cv-1809-RCJ-CWH, 2013 WL 1088702, at *6 (D. Nev. Mar. 14, 2013) (citing *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009)).

To assert a claim for bad faith, a plaintiff must show: (1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or reckless disregard of the lack of a reasonable basis for its claim denial. *Sandoval v. Hartford Underwriters Ins. Co.*, No. 2:10-CV-1799 JCM PAL, 2011 WL 586414, at *2 (D. Nev. Feb. 9,

2011) (citing *Pioneer Chlor Alkali Co. V. Nat'l Union Fire Ins. Co.,* 863 F. Supp. 1237, 1247 (D. Nev. 1994)). Bad faith is "the absence of a reasonable basis for denying benefits . . . and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Id.* (citing *United States Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070 (Nev. 1975)). An insurer is not liable for bad faith so long as it had a reasonable basis to deny coverage. *Pioneer*, 863 F. Supp. at 1249 (refusing to find bad faith where insurance company investigated damage and requested documents, despite insured's argument that investigation was incomplete).

Here, plaintiff's second and third causes of action do not survive the instant motion to dismiss. Plaintiff's theory is that she is owed the policy limits of her UM/UIM coverage, and that failure to pay these policy limits on demand constitutes bad faith. (ECF No. 1-1). However, plaintiff's complaint contains only conclusory statements asserting that she is entitled to the policy limits. *See id.* The complaint does not detail plaintiff's medical bills, the amount (if any) that she received from the underinsured motorist, or the offer (if any) she received from defendant.

Further, plaintiff's second and third causes of action rely on the conclusory allegation that defendant's failure to immediately pay plaintiff the policy limits constitutes bad faith. As the Court clarified in *Iqbal*, these conclusory assertions are not entitled to a presumption of truth. *See* 556 U.S. at 678–79. Plaintiff's complaint contains no factual allegations detailing the circumstances surrounding defendant's refusal to pay the policy limits immediately after plaintiff demanded payment. Therefore, plaintiff's bald allegations that defendant's failure to pay the policy limit of demand constitutes bad faith do not state a claim upon which relief can be granted. *See Twombley*, 550 U.S. at 570.

Plaintiff's unfair claims practices allegations fare no better. As defendant notes in its motion, the allegations merely regurgitate the statutory provisions of NRS 686A without providing any underlying factual support. *See* (ECF No. 1-1). Because legal conclusions are not entitled to the presumption of truth, and plaintiff has not offered any factual assertions to support a finding of unfair claims practices, plaintiff fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 570.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

### IV. Conclusion

Plaintiff's complaint does not contain factual allegations plausibly suggesting that defendant's failure to pay the policy limits upon plaintiff's request rises to the level of bad faith or constitutes an unfair claims practice. Therefore, plaintiff's second and third causes of action fail to state claims upon which relief can be granted. *See Twombley*, 550 U.S. at 570. The court will dismiss plaintiff's second and third causes of action. This holding renders defendant's motion to stay plaintiff's second and third causes of action moot, and the court will deny that motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to stay (ECF No. 8) be, and the same hereby is, DENIED as moot.

DATED July 13, 2018.

_____
UNITED STATES DISTRICT JUDGE